No. 401

GARL v. GLOVER

No. 20402. Supreme Court

On motion to certify. Dock. 3-19-27, 5 Abs. 188.

1134. SUMMONS—Can an attorney assisting the attorney of record in a case, waive the issuing and service of summons in error filed in the Court of Appeals?

C. H. Curtiss was the attorney of record for William Garl in the Portage Common Pleas, wherein Cleda Glover had instituted an action against the said Garl. Judgment was for Garl. H. R. Loomis assisted in the trial and neither his name nor that of his firm appears on any of the pleadings filed in the action.

A petition in error was filed in the Court of Appeals by Glover, no summons in error being issued, and the waiver of summons and entry of appearance was filed only by the firm of Mr. Loomis, without notice to Mr. Curtiss as the attorney of record.

Motion was made in the Court of Appeals, to dismiss the petition in error on the ground that there was no service of summons and no entry of appearance. This motion was overruled, and application made for determination of the question by the Supreme Court.

It is a question of practice and the authority of an attorney to waive the issuing and service of summons in error filed in the reviewing court, where the attorney signing such waiver was one assisting the regular attorney, or the attorney of record, in the trial of such case.

Attorneys—C. H. Curtiss, Kent, for Garl; W. J. Beckley, Ravenna, for Glover.

---

No. 402

INDUSTRIAL COMM. v. HILHORST

No. 20365. Supreme Court

Record certified for review and final determination. Dock. 3-4-27, 5 Abs. 153.

480. EVIDENCE—Is the provision of 1465-90 GC. that in case of appeal from the Commission, that the case be tried upon the evidence of the record and no other evidence, valid and enforcible?

Section 1465-90 GC. as amended in the 109th O. L., provided that in cases of appeal from the Industrial Commission, the Industrial Commission should file with its answer a certified copy of its record of matters pertaining to the case so appealed. This section further provided that the case then should be tried upon the evidence contained in such record, and no other evidence.

In this case, the Hamilton Common Pleas allowed witnesses for Ernest Hilhorst on appeal to introduce, in addition to the evidence contained in the Industrial Commission's record, the evidence of other witnesses in violation of the terms of Sect. 1465-90 GC. The Court of Appeals held that the provisions above quoted were not enforcible, and certified the case as a conflict case to the Supreme Court. The question as to whether this provision of the statute is valid and enforcible is the only question presented.

Attorneys—C. P. Taft, 2nd. and D. M. Outcalt for Commission; E. F. Alexander for Hilhorst; all of Cincinnati.